UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BULLSEYE TELECOM, INC.,
a Michigan corporation,

    Plaintiff,

v.

Case No. 09-13046
Hon. Lawrence P. Zatkoff

CISCO SYSTEMS, INC.,
a California corporation,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 6, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter comes before the Court on Defendant's motion to dismiss [dkt 7]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's motion to dismiss [dkt 7] is GRANTED.

**II. BACKGROUND**

BullsEye Telecom, Inc. ("Plaintiff") is a competitive local exchange carrier in the State of Michigan, providing various telecommunication services, including internet connection services,

to businesses in over forty-eight states. Plaintiff employs approximately 140 people and generates approximately $60 million in annual revenue. Cisco Systems, Inc. ("Defendant") is a California corporation that sells hardware, software and service offerings that are used to provide internet connectivity solutions. Defendant employs tens of thousands of people and generates approximately $36 billion in annual sales.

In July 2005, Defendant sold a Series 7613 router ("the Router") to a company called SBC DataComm ("SBC"). In this transaction, Defendant expressly warranted to SBC that the Router would be "free from defects in material and workmanship under normal use" for a period of 90 days from the date of shipment to the customer.[1] The contract provided that the express warranty only applied to the original user or licensee of the Router, meaning the person who first downloads or installs the Router. The agreement also provided for limited remedies from product defects. With respect to the hardware for the Router, the contract provided that the customer's sole and exclusive remedy under the limited warranty was replacement within the warranty period or a refund of the purchase price. With respect to the software for the Router, the contract provided that the customer's sole and exclusive remedy under the limited warranty would be repair, replacement, or a refund of the purchase price. Defendant also disclaimed liability for lost revenue, lost profit, lost or damaged data, business interruption, loss of capital, as well as special, indirect, consequential, incidental or punitive damages. Lastly, Defendant expressly disclaimed liability for the implied warranty of merchantability, and to the extent its disclaimer of the implied warranty of merchantability proved ineffective, Defendant limited its duration to the duration of the express

---

[1] The express warranty specifies that it "shall be governed by and construed in accordance with the laws of the State of California, without reference to or application of choice of law rules or principles."

warranty.

SBC then sold the Router to WinMark Capital Corporation ("WinMark"), which leased the Router to Plaintiff in September 2005. In the complaint, Plaintiff alleges that "pursuant to the lease agreement, WinMark assigned to [Plaintiff] [Defendant's] warranties as they pertained to the Router," and therefore that "[Plaintiff] is both obligated and entitled to enforce the terms of [Defendant's] warranties for the Router." Defendant contends that the lease agreement states that WinMark's assignment of Defendant's warranties was valid only "to the extent assignable under the terms of such warranties."

According the lease agreement attached to the complaint, the lease agreement was executed by Plaintiff on September 15, 2005, and by WinMark on September 20, 2005. WinMark never had possession of the Router; instead, it was shipped directly by Defendant to Plaintiff. Plaintiff contends that Defendant knew at all times that Plaintiff would be purchasing the Router, and that negotiations were conducted prior to the time the sale was finalized, which included representatives of Plaintiff, Defendant and SBC. During the negotiations, Plaintiff alleges that it informed Defendant that it planned to use the Router for its T-1 high-speed internet connection and Voice-over-Internet-Protocol customers, which was slated to occur in 2006.

In early March 2006, Plaintiff began to experience significant problems with the Router, which resulted in the total blockage of internet traffic to Plaintiff's customers' premises. Plaintiff notified Defendant of the problems in March 2006 and requested that Defendant repair the problems pursuant to its warranty obligations. Defendant made several attempts to fix the problems with the Router, but Plaintiff contends that Defendant was unable to do so within a timely manner. Plaintiff and Defendant had entered into a separate maintenance agreement for the Router, although it was

3

never differentiated whether Defendant performed repairs to the Router under this agreement or its alleged warranty obligations. Plaintiff filed this action seeking damages for breach of the express warranty and the implied warranty of merchantability. Defendant filed the present motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's claims must be dismissed because they are excluded under the express warranty and because Defendant expressly disclaimed the implied warranty of merchantability. Alternatively, Defendant requests that the Court strike Plaintiff's prayers for consequential, exemplary, and punitive damages.

### III. STANDARD OF REVIEW

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions . . . .'").

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm.

4

Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b).

## IV. ANALYSIS

### A. EXPRESS WARRANTY

Defendant contends that Plaintiff's claim for breach of the express warranty must be dismissed because (1) the problems with the Router occurred after the express warranty's 90-day duration; (2) Plaintiff is not entitled to enforce the express warranty because, as a third-party lessee, it is not the original user of the Router; and (3) even if Plaintiff were entitled to enforce the express warranty, its exclusive remedy is limited to repair, replacement or a refund of the purchase price.

Plaintiff responds that (1) Plaintiff is the original user of the Router because it was shipped directly from Defendant after negotiations with Defendant; (2) Defendant waived its right to enforce the 90-day limitation of the express warranty by attempting to make repairs beyond the 90-day period; (3) the 90-day limitation cannot be enforced because it would leave Plaintiff without a remedy; and (4) Plaintiff is not limited to the contract's exclusive remedies of repair, replacement or refund because the warranty failed of its essential purpose.

Since Plaintiff does not deny that it first experienced problems with the Router after the express warranty's 90-day period, which would have ended at the latest on December 20, 2005, the Court must first consider whether Defendant waived its right to enforce the 90-day limitation by attempting to repair the Router after the 90-day period. Accepting as true all factual allegations in Plaintiff's pleadings, the Court finds that Plaintiff has failed to allege a set of facts that would entitle it to recover on its breach of express warranty claim.

Waiver requires a voluntary relinquishment of a known right. *See Crest Catering Co. v. Super. Ct.*, 398 P.2d 150, 152 (Cal. 1965); *Elliano v. Assurance Co. of Am.*, No. 31384, 1970 Cal. App. LEXIS 1138, at *8 (Cal. Ct. App. Jan. 13, 1970); *White Point Co. v. Herrington*, No. 32494, 1968 Cal. App. LEXIS 1328268, at *19 (Cal. Ct. App. Dec. 23, 1968). Here, Plaintiff pleads no facts indicating that Defendant voluntarily relinquished its right to enforce the express warranty's 90-day limitation. Instead, Plaintiff merely alleges in its complaint that Defendant made attempts to repair the Router after the 90-day period. However, Plaintiff offers no persuasive authority for the proposition that a seller's act of making repairs after the expiration of a limited warranty constitutes a waiver of the warranty's limited duration. The cases cited by Plaintiff merely stand for the proposition that a seller can waive its right to receive written notice of product defects where the seller is aware of the defect and attempts repairs. *See Ventura Mfg. & Implement Co. v. Warfield*, 174 P. 382, 388-89 (Cal. Ct. App. 1918) (holding that a seller waived a contractual provision requiring a purchaser to notify the seller of defects in writing where the seller's agent was present at a trial of the machine and observed the defect); *U.S. Hoffman Mach. Corp. v. Carlson*, 111 N.W.2d 271, 272 (Iowa 1961) (holding that a seller waived a contractual provision requiring a purchaser to notify the seller of defects in writing where the purchaser verbally notified the seller of a defect and the seller sent its agent to repair the defect); *Paulson v. Olsen Implement Co.*, 319 N.W.2d 855, 862 (Wisc. 1982) (holding that a seller waived a contractual provision requiring a purchaser to notify the seller of defects in writing where the seller attempted to repair the defect). Furthermore, Plaintiff admits that it entered into a separate maintenance agreement with Defendant to maintain the Router, and acknowledges that Defendant's repairs may have been performed under that agreement: "[Defendant] never differentiated between doing work under the warranty and under

[the maintenance] agreement, although [Plaintiff] did pay it approximately $80,000 annually in scheduled maintenance payments over a period of years." Plaintiff's complaint does not allege that Defendant attempted repairs under its alleged warranty obligations, as opposed to the maintenance agreement. Therefore, the Court finds that Plaintiff has failed to allege a set of facts that would allow it to prove that Defendant waived its right to enforce the express warranty's 90-day limitation by making repairs beyond its expiration.

In addition to its waiver argument, Plaintiff also contends that the express warranty's 90-day limitation is not enforceable because it fails of its essential purpose, as it leaves Plaintiff without a remedy. However, the Court is not persuaded that this argument is sufficient to defeat Defendant's motion to dismiss. By definition, a seller's warranty with a limited duration leaves the purchaser without a remedy under the express warranty after a certain period of time. Plaintiff cites no authority suggesting that a 90-day limitation on an express warranty fails of its essential purpose because the purchaser may not enforce the express warranty after the limitation period. To the contrary, the essential purpose of the limited warranty at issue was to ensure that the Router would be free from defects in material and workmanship under normal use only for a period of 90 days from the date of shipment to the customer. Thus, Plaintiff has alleged no facts that would allow it to prove that the express warranty's 90-day limitation is unenforceable for failure of its essential purpose.[2]

**B. IMPLIED WARRANTY OF MERCHANTABILITY**

Defendant argues that Plaintiff's claim for breach of the implied warranty of merchantability

---

[2] As Plaintiff has failed to demonstrate that the express warranty's 90-day limitation period is unenforceable, the Court need not consider whether Plaintiff is entitled to seek recovery beyond the contract's exclusive remedies of repair, replacement, or refund.

should be dismissed because (1) Defendant expressly disclaimed the implied warranty of merchantability; (2) even if its disclaimer of the implied warranty of merchantability is ineffective, it limited its duration to 90 days from the date of shipment to the customer; and (3) the implied warranty of merchantability can only be enforced when there is privity between the buyer and the seller. Plaintiff responds that (1) Defendant's disclaimer is unenforceable because it is unconscionable; and (2) privity is not required.

California law authorizes sellers to disclaim the implied warranty of merchantability when the disclaimer mentions merchantability and, in the case of a writing, is conspicuous. CAL. COM. CODE § 2316(2). Here, Plaintiff only contends that the disclaimer is unenforceable because it is unconscionable. To prevail, Plaintiff's complaint must allege facts showing both "procedural" and "substantive" unconscionability. *A&M Produce Co. v. FMC Corp.*, No. 24731, 1982 Cal. App. LEXIS 1922, at *18-19 (Cal. Ct. App. Aug. 27, 1982). To establish procedural unconscionability, Plaintiff must show that it had "no real negotiation and an absence of meaningful choice," and that it was surprised by terms "hidden in a prolix printed form." *Id.* While numerous factual inquiries bear upon the unconscionability determination, *id.* at *26, the Court finds that Plaintiff has failed to allege a set of facts that would allow it to prove that Defendant's disclaimer of the implied warranty of merchantability is unconscionable. Plaintiff's complaint does not allege that it had no real negotiation or an absence of choice in purchasing the Router from Defendant. Furthermore, as a sophisticated commercial purchaser, neither Plaintiff's complaint nor its response brief to Defendant's motion to dismiss allege any facts suggesting that it was surprised by hidden terms. *See Robison v. City of Manteca*, No. C031652, 2000 Cal. App. LEXIS 111, at *12-13 (Cal. Ct. App. Jan. 21, 2001) (affirming dismissal of a claim based on unconscionability at the pleadings stage

8

where the allegations did not establish unconscionability); *Vance v. Villa Park Mobilehome Estates*, No. B074103, 1995 Cal. App. LEXIS 627, at *19-22 (Cal. Ct. App. July 10, 1995) (same). Therefore, the Court finds that Plaintiff has failed to allege a set of facts that would allow it to recover on its claim for breach of the implied warranty of merchantability on the basis that Defendant's disclaimer is unconscionable.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss [dkt 7] is GRANTED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 6, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 6, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290